**GEM EAST CORPORATION,**
Plaintiff–Appellant,

v.

**JEWELERS MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

No. 04–36052.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Nov. 16, 2006.

Dale L. Kingman, Esq., Foulds, Felker, Pierson & Ryder, James E. Horne, Esq., Kingman Peabody Pierson & Fitzharris, P.S., Colleen Gutierrez, Pierson & Fitzharris, Seattle, WA, for Plaintiff–Appellant.

---

Jerret E. Sale, Esq., Jose Dino Vasquez Fax, Jose Dino Vasquez, Bullivant Houser Bailey, PC Westlake Tower, Seattle, WA, for Defendant–Appellee.

Before: ALARCÓN, RYMER, and BERZON, Circuit Judges.

## MEMORANDUM [*]

Gem East Corporation ("Gem") appeals the district court's judgment ruling that Jewelers Mutual Insurance Company ("Jewelers") properly denied Gem's insurance claim on the basis of the policy's unattended vehicle exclusion. We affirm.

## I.

◼ Smith was not in or physically touching any part of his car when the thieves stole the jewelry. He therefore was not "actually in or on the vehicle," in the ordinary understanding of that phrase, when the theft occurred.

Gem urges us to adopt a broad reading of the phrase, as articulated in *E.M.M.I., Inc. v. Zurich American Insurance Co.*, 32 Cal.4th 465, 9 Cal.Rptr.3d 701, 84 P.3d 385 (2004). However, even if we were to follow *E.M.M.I.*, Gem would still not be entitled to coverage, given the facts of this case.

The *E.M.M.I.* court required more than mere proximity for coverage to apply; the insured also had to be "actually attending" to the vehicle at the time of the theft. *See id.* at 482, 9 Cal.Rptr.3d 701, 84 P.3d 385 (holding that salesman "who was approximately two feet from *and* actually attending to his vehicle when the theft occurred" was covered (emphasis added)); *see also*

*id.* at 481, 9 Cal.Rptr.3d 701, 84 P.3d 385 (distinguishing cases where insureds were not "in close proximity and actually attending to the vehicle when the theft occurred"); *id.* at 479–81, 9 Cal.Rptr.3d 701, 84 P.3d 385 (relying on *Star Diamond v. Underwriters at Lloyd's,* 965 F.Supp. 763 (E.D.Va.1997), where insured was "in close proximity to the vehicle and attending to it when the theft occurred").

Here, Smith was not actually attending to his vehicle when the jewelry was stolen. In his sworn statement, Smith testified that, at the time of the theft, he was focused on a piece of paper containing customer information, and admitted that he "was dwelling on that and oblivious to anything else around" him. Thus, even under the broad standard articulated in *E.M.M.I.*, Smith was not "actually in or on" his vehicle when the theft occurred.

## II.

◼ Nor are we persuaded that the unattended vehicle exclusion does not cover robberies. The policy defines "theft" as "the illegal taking or removal of property." That language is broad enough to cover situations where perpetrators use force or intimidation in stealing goods.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.